**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IBRAHEEM ISLAM,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 22-cv-6525 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Petitioner Ibraheem Islam ("Islam") moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence asserting that his attorney failed to identify or pursue several defenses to the charges against him and advised him to plead guilty. (ECF No. 3, Amended Motion.) The Government filed an answer in opposition to Islam's Amended Motion. (ECF No. 8, Answer.) Because the record conclusively shows that he is not entitled to relief, the Court denies the Amended Motion without a hearing and declines to issue a certificate of appealability.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The following background is drawn from the criminal docket (Crim No. 21-444), the plea agreement, the Presentence Investigation Report ("PSR"), and the parties' submissions.

On May 26, 2021, Islam pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C) to a four-count Information charging: (Count One) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (Count Two) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (Count Three) possession with intent to distribute heroin and fentanyl, in violation of the same provisions;

and (Count Four) possession of a firearm in furtherance of the drug-trafficking crime charged in Count Three in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF Nos. 18, 20, 22.) In the plea agreement, the parties stipulated a sentencing range of 96 to 120 months' imprisonment and three years of supervised release. (ECF No. 22 at 1, 3.)

The Presentence Report ("PSR") includes a career-offender Guidelines range of 262 to 327 months. (ECF No. 24 ¶ 93). At sentencing, defense counsel successfully argued that Islam's prior New Jersey marijuana conviction did not qualify as a controlled-substance predicate. The Court adopted a Guidelines range of 106 to 117 months and imposed a term of 106 months' imprisonment followed by three years of supervised release. (ECF No. 28.)

Liberally construing the instant Amended Motion ("the motion"), Islam asserts four grounds of ineffective assistance of counsel in violation of the Sixth Amendment: Ground One—failure to assert a defense that the 922(g)(1) firearm count was invalid because no firearm was found on his person and the firearm was not used in a crime of violence; Ground Two—failure to assert a defense that the two § 841 counts were duplicative; Ground Three (a) —failure to assert a defense that the evidence did not establish possession with intent to distribute narcotics in support of the conspiracy charge; Ground Three (b)—his attorney's presentation of his criminal history improperly affected the sentence; and Ground Four— his attorney failed to argue for a shorter sentence reflecting his lack of involvement in drug trafficking. (ECF No. 3 at 9-13.)

The Government failed to file timely opposition; after the Court ordered that it would consider the motion as unopposed, the Government filed opposition on grounds Islam's arguments were untimely and meritless. (ECF No. 8.) Islam did not file a reply.

## II. STANDARD OF REVIEW

Section 2255 permits a federal prisoner to seek relief on the basis that his sentence was imposed in violation of the Constitution or federal law, the sentencing court lacked jurisdiction to impose the sentence, the sentence exceeded the lawful maximum, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The movant bears the burden of proving his right to relief. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).

A court shall grant a hearing unless the motion and the record conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b). In deciding whether a hearing is required, the Court accepts the movant's factual allegations as true unless they are clearly contradicted by the record. *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

## III. DISCUSSION

### A. Timeliness

The Court finds the motion was timely filed. The Government points to § 2255(f) to argue that the motion was not filed within the prescribed one year period from the date on which the judgment of conviction became final. (*Id.* at 2.) When a federal defendant does not appeal, the judgment becomes final when the time to appeal expires. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, the docket reflects that the Judgment of Conviction was entered on October 29, 2021 (Crim. No. 21-444, ECF No. 28), and Islam had 14 days to appeal. Fed. R. App. P. 4(b)(1)(A). His conviction therefore became final on November 12, 2021. The initial motion, mailed on October 21, 2022, and received and filed by the Court on October 31, 2022, fell within § 2255(f)(1)'s one-year period. Accordingly, the Court turns to the merits of the Amended Motion.

**B. Ineffective-Assistance Standard**

To establish ineffective assistance, Islam must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Counsel is not ineffective for declining to raise a meritless argument. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

Because the claims here concern advice preceding a guilty plea, a showing of prejudice requires a reasonable probability that, but for counsel's errors, Islam would have rejected the plea and proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015). Islam does not allege that he would have gone to trial. Moreover, he does not identify evidence that would overcome the factual stipulations in his signed plea agreement which established the basis for his convictions. Furthermore, each ineffective assistance claim also fails on the merits.

**C. Firearm Charges**

In his first ground for relief, Islam argues that his attorney should have challenged the 922(g)(1) charge because police did not find the firearm on his person and because it was not used in a crime of violence. But neither premise supplies a defense. Section 922(g)(1) requires knowing possession, which may be established by showing exercise of dominion or control over the area where the weapon was found. *United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014). The loaded firearm was recovered from a trap compartment in the vehicle Islam regularly drove and used during suspected narcotics transactions. (PSR ¶¶ 17-23.) More importantly, Islam stipulated that he knowingly possessed that firearm and ammunition while knowing of his prohibited status as a felon. (ECF No. 22, Plea Agreement, Schedule A ¶¶ a, b.)

Furthermore, neither firearm count requires use of a firearm during a crime of violence. Islam was charged in Count One with felon-in-possession under § 922(g)(1). He was charged in Count Four with possession of a firearm in furtherance of the drug-trafficking offense alleged in Count Three, an express predicate under § 924(c)(1)(A). Islam's reliance on *United States v. Taylor*, 596 U.S. 845 (2022), which concerns whether attempted Hobbs Act robbery is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), is therefore misplaced. His attorney's performance was not deficient for omitting these arguments. The Court denies Islam's first ground for relief.

**D. Separate Drug Counts**

In his second ground for relief, Islam contends that Counts Two and Three impermissibly charge the same conduct. The record shows otherwise. Count Two involved cocaine base recovered from Islam's residence and Count Three was based on heroin and fentanyl recovered from the trap compartment in his vehicle. (PSR ¶ 22.) Islam also stipulated to possessing the cocaine base, heroin, and fentanyl charged in those counts. (ECF No. 22, Plea Agreement, Schedule A ¶¶ c, d.) Any objection would therefore have failed, and Islam has failed to establish either prong of the *Strickland* test. The Court denies Islam's second ground for relief.

**E. Drug-Trafficking Evidence**

Islam also asserts there was no proof that he possessed narcotics or intended to distribute them. The drug trafficking charges, which did not include a conspiracy charge as Islam alleges, were based on controlled purchases and observations of apparent hand-to-hand transactions, followed by searches that recovered 194 vials of cocaine base, heroin, drug paraphernalia, and $15,984 in cash from the residence, as well as heroin and a loaded firearm from the vehicle's trap compartment. (PSR ¶¶ 17-23.) Islam stipulated that he possessed each controlled substance and

that he possessed the firearm in furtherance of his intent to distribute heroin and fentanyl. (Plea Agreement, Schedule A ¶¶ c-e.) Counsel was not ineffective for failing to pursue a position contradicted by the evidence and Islam's sworn admissions. The Court denies Ground Three (a) of the motion.

**F. Sentencing**

Finally, Islam alleges that his attorney improperly introduced his past criminal history at sentencing by failing to argue for a lower sentence based on lack of his identification by a witness (Ground Three (b)), and failing to argue his lack of involvement in criminal activity (Ground Four).

The sentencing record independently defeats any claim of deficient performance or prejudice. Defense counsel successfully challenged the career-offender calculation, reducing the advisory range for a prison term from 262 to 327 months to 106 to 117 months. (Sentencing Tr. at 6:14 to 13:20.) The Court then imposed 106 months—the bottom of that range and within the 96-to-120-month range his attorney negotiated. Islam offers no basis to conclude that another objection would have produced a lower sentence. (*Id.*) Therefore, he failed to establish *Strickland* prejudice. The Court denies Ground Three (b) and Ground Four of the amended motion.

**G. Hearing and Certificate of Appealability**

No evidentiary hearing is warranted because Islam's allegations are either legally insufficient or conclusively refuted by the plea agreement and PSR. *See* 28 U.S.C. § 2255(b). *Booth*, 432 F.3d at 545-46.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Reasonable jurists would not debate the Court's resolution of Islam's claims; therefore, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

## IV. CONCLUSION

For the reasons stated above, the Court denies Islam's amended motion without a hearing and declines to issue a certificate of appealability. An appropriate Order follows.

Date: August 27, 2026

s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.